UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANICE L. DIE,<br><br>Plaintiff,<br><br>v.<br><br>PAIGE MACE HUGHES *et al.*,<br><br>Defendants. | Civil Action No. 21-13626 (MAS) (DEA)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Defendant Kelly Pfeiffer Coyle's ("Defendant") Motion to Dismiss Plaintiff Janice L. Die's ("Plaintiff") Complaint. (ECF No. 8.) Plaintiff opposed (ECF No. 9), and Defendant replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendant's Motion.

Plaintiff's Complaint alleges that around July 19, 2019, Defendant's dog knocked Plaintiff to the ground and caused injuries. (*See* Compl. ¶ 14, ECF No. 1.) The Complaint, however, alleges a cause of action under New Jersey's dog bite statute and that Defendant is strictly liable to Plaintiff for her injuries. (*Id.* ¶¶ 28-29.) In the instant Motion, Defendant counters that Plaintiff does not allege that Defendant's dog bit her, and therefore, the dog bite statute does not apply. (Def.'s Moving Br. 1-4.) In opposition, Plaintiff attempts to recharacterize the claim as "sound[ing] in ordinary negligence." (Pl.'s Opp'n Br. 1, ECF No. 9.)

A district court must conduct a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The court "must take note of the elements a plaintiff must plead to state a claim"; review the complaint to

strike conclusory allegations; and accept as true all of the plaintiff's well-pled factual allegations while "constru[ing] the complaint in the light most favorable to the plaintiff." *Id.*; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In accepting the plaintiff's factual allegations, the court may ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Finally, the court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a motion to dismiss for failure to state a claim, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

New Jersey's dog bite statute provides that "any dog which shall bite a person . . . shall be liable for such damages as may be suffered by the person bitten[.]" N.J. Stat. Ann. § 4:19-16. By its' clear language, the statute only applies to situations where a dog bites an individual. The Complaint, however, does not allege that the dog bit Plaintiff, as the opposition brief readily concedes. (Pl.'s Opp'n Br. 1.)

Here, Plaintiff's sole cause of action against Defendant under New Jersey's dog bite statute fails as the Complaint does not allege that Defendant's dog bit Plaintiff. The Complaint wrongly alleged that Defendant is strictly liable for Plaintiff's injuries. In the opposition brief, Plaintiff recharacterizes the claim as one of ordinary negligence. But a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1998) (internal quotation and citation omitted). The Complaint, therefore, must

be dismissed. The Court, nevertheless, finds good cause to allow Plaintiff the opportunity to amend. Accordingly,

**IT IS** on this 22nd day of February, 2022 **ORDERED** that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 8) is **GRANTED**.
2. Count One of the Complaint (ECF No. 1) is **DISMISSED** without prejudice.
3. Plaintiff may file an amended complaint within **30 days**.
4. If Plaintiff fails to file an amended complaint, Count One of the Complaint will be dismissed with prejudice.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE